# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIE L. DAVIS,

       Plaintiff,      :      Case No. 3:13-cv-170

                                   District Judge Walter Herbert Rice
   -vs-                           Magistrate Judge Michael R. Merz

                           :

DEBORAH S. HUNT,

       Defendant.

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process.  Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c).  Section 1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> **(a) Screening** -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for Dismissal** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25 (1992);  *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232,

2

> 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). *Twombly* and *Iqbal* apply to review of complaints for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(II). *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

The sole Defendant in this case is Deborah S. Hunt, the Clerk of the United States Court of Appeals for the Sixth Circuit. Plaintiff sues her in her individual capacity for acts taken in her official position which Plaintiff alleges deprive him of his rights under the Due Process Clause of the Fifth Amendment. Thus this Court has subject matter jurisdiction because of the federal question presented. 28 U.S.C. § 1331. Ms. Hunt is a federal official, suable for violations of a person's constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

The acts of Ms. Hunt which Plaintiff alleges deprived him of due process are her entry of orders in Sixth Circuit Cases 12-5749 and 12-5870 (Complaint, Doc. No. 1, PageID 6-7).

In both cases Ms. Hunt entered Orders on April 8, 2013, which denied Plaintiff leave to proceed *in forma pauperis* on appeal upon a determination that his appeal lacked an arguable basis in law, *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The same Orders required Mr. Davis to pay the appellate filing fee of $455.00 in each case within thirty days of the filing of the Order, which would be no later than May 8, 2013.  Mr. Davis did not pay the required filing fees by May 8, 2013, and on May 9 and 20, 2013, Ms. Hunt entered additional Orders of which Mr. Davis complains, dismissing the appellate cases for want of prosecution.

Mr. Davis' claim is that he was entitled to a judge's decision on these matters, "but Defendant Deborah S. Hunt is not a judge, she is a clerk.  Therefore she does not have authority to issue orders for the Sixth Circuit."  (Complaint, Doc. No. 1, ¶¶ 2-3, PageID 6.)

Plaintiff misperceives what has happened here.  Ms. Hunt's signature on the first Order in Case No. 12-5870 is below the legend "ENTERED BY ORDER OF THE COURT."  Exactly the same thing happened in Case No. 12-5749.  The process for handling the motions to proceed *in forma pauperis* was the standard process in the Sixth Circuit:  the motion was considered by a three-judge panel which determined the outcome and directed Ms. Hunt to enter the Order which she then entered.  This is a standard practice in the Sixth Circuit Court of Appeals and nothing in the Federal Rules of Appellate Procedure prohibits that court from proceeding in that manner. In other words, on both of his motions to proceed *in forma pauperis* on appeal he received a decision of a three-judge panel which was embodied in the Orders signed and entered by Ms. Hunt by order of the court.

The final Orders in each case are of a different sort.  In each of them, Ms. Hunt performed the ministerial act of examining the docket, noting that a condition of each case's continuing was that Mr. Davis pay the appellate filing fee by May 8, 2013, noting that he had not

4

done so, and carrying out the prior Orders which provided what would happen if the fee was not paid – dismissal for want of prosecution.  The last Order in each case recites over Ms. Hunt's signature, that it was "ENTERED PURSUANT TO RULE 45(a), RULES OF THE SIXTH CIRCUIT."  Rule 45 provides that [t]he clerk may prepare, sign, and enter orders or otherwise dispose of the following matters without submission to the court or a judge unless otherwise directed: . . .  (4) Orders for dismissal for want of prosecution."

Defendant acted completely within her authority as Clerk of the Sixth Circuit.  There is no authority known to this judicial officer which entitles an appellant as a matter of due process to any different process, much less creating such an entitlement by clearly established law.  Acting as she did in her capacity as Clerk, Ms. Hunt is absolutely immune from damages liability.  This Court lacks the authority supposed by Plaintiff's demand that Ms. Hunt be indicted for falsifying government documents.

It is therefore respectfully recommended that the Complaint herein be dismissed with prejudice for failure to state a claim upon which relief would be granted.  Because any appeal would be objectively frivolous, this Court should certify that conclusion to the Court of Appeals, barring Plaintiff from appealing *in forma pauperis*.

May 29, 2013

.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).